IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EMMA DEE REYNOLDS and ) | |
| THOMAS A. REYNOLDS, III, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 3:09-0594 |
| ) | JUDGE NIXON /KNOWLES |
| ) | |
| MITZI M. BONNELL and OTTO J. ) | |
| SCHWARZ, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court upon Plaintiffs' "Motion for Leave to Amend Complaint." Docket No. 23. Plaintiffs have submitted a proposed "First Amended Complaint." Docket No. 23-1. Defendant Otto J. Schwarz has filed a Response in Opposition to the Motion. Docket No. 24. Some discussion of the facts and the procedural posture of this action will be helpful to an understanding of the issues raised in the instant Motion and Response.

This case involves an accident between a pick-up truck and a three-wheel motorcycle. Plaintiffs' Complaint avers that, on June 30, 2008, Plaintiff Emma Reynolds was driving a Honda three-wheel motorcycle east on Interstate 40 near mile marker 216 in Davidson County, Tennessee. She was in the far inside lane of that multi-lane highway.

Defendant Bonnell was driving her automobile on the same road and in the same direction, but one lane to the right of the lane in which Ms. Reynolds was driving. At the same time, Defendant Schwarz was driving a Ford pick-up truck in the same lane as Defendant

Bonnell and immediately ahead of Defendant Bonnell.

The Complaint avers that Defendant Schwarz slowed or stopped his vehicle because of the traffic in front of him. Defendant Bonnell, however, failed to slow or stop her automobile and she collided with Mr. Schwarz. After being struck by Ms. Bonnell, Mr. Schwarz failed to maintain control of his vehicle and entered the far inside lane of Interstate 40 immediately in front of Plaintiff Emma Reynolds, causing her to collide with Mr. Schwarz's vehicle and causing her to be thrown from her vehicle.

On July 14, 2009, Defendant Schwarz filed an Answer to the Complaint. Docket No. 4.

On August 12, 2009, Defendant Schwarz filed a Motion for Summary Judgment, his own Affidavit, a supporting Memorandum, and a Statement of Material Facts. Docket Nos. 9, 9-1, 10, 11. That Motion is pending.

Five days after the Motion for Summary Judgment was filed, the Court held the Initial Case Management Conference and entered the Initial Case Management Order. Docket No. 13. That Order provided, in relevant part, that Motions to Amend were to be filed on or before October 15, 2009. *Id*.

The Affidavit of Defendant Schwarz states in relevant part:

> 3. I came to a gradual stop; I did not slam on my brakes or make a sudden stop.
> . . .
> 5. I was traveling in the second lane from the left. After I came to a stop, I was rear-ended by the vehicle driven by Mitzi M. Bonnell. The force of the impact knocked me into the lane to my left, being the far left lane, causing me to crash into the far left lane center median. The impact with the median caused by vehicle to rotate 180 degrees. I was facing west when my vehicle came to rest against the center concrete median.

2

Case 3:09-cv-00594   Document 36   Filed 04/27/10   Page 2 of 6 PageID #: 161

> 6. I maintained control of my vehicle at all times, until I was impacted from the rear.

Docket No. 9-1.

Defendant Schwarz's Motion for Summary Judgment is based upon an argument that, while Plaintiffs alleged in their Complaint that Defendant Schwarz was guilty of negligence, they alleged that he was guilty of failing to maintain his vehicle only after he was rear-ended by Defendant Bonnell. Defendant Schwarz argued that he had come to a gradual and controlled stop on the Interstate and that he had maintained control of his vehicle until it was rear-ended.

Plaintiffs filed a Response in Opposition to the Motion for Summary Judgment, a Response to Defendant Schwarz's Statement of Material Facts, a Statement of Additional Material Facts, and the Declaration of Plaintiff Thomas A. Reynolds, III. Docket No. 17. That Declaration states in relevant part as follows:

> 1. I am the husband of Emma Dee Reynolds. On June 30, 2008, my wife and I were each separately driving three wheel motorcycles east on Interstate 40 near mile marker 216 in Davidson County, Tennessee. We were both driving in the far inside lane of that multi-lane highway. I was ahead of my wife.
>
> 2. Our lane of traffic was moving faster than the lane of traffic to our immediate right. Otto Schwarz was in that lane. As I approached the rear of the pickup truck driven by Schwarz, I clearly observed his vehicle react in a manner consistent with him slamming on his brakes. Specifically, his vehicle began a sudden and dramatic stop and his tires squealed. I continued past him because the lane ahead of me was clear and I had no need to brake. I then heard a collision sound (which I later understood to be from Mitzi Bonnell striking Schwarz) and saw out of my rearview mirror that he crossed over into the lane of traffic in which my wife and I were riding. He crossed in between me and my wife and hit the traffic barrier between east and west traffic. As soon as I was able to stop and turn my vehicle around, I drove back to the scene of the wreck and was able to view all three of the vehicles involved in the wreck, which included my wife's vehicle, the

3

Case 3:09-cv-00594  Document 36  Filed 04/27/10  Page 3 of 6 PageID #: 162

> pickup truck of Schwarz and the Bonnell vehicle. I have also reviewed photographs taken of the vehicles involved in the wreck.
>
> 3. I have reviewed the Affidavit of Otto J. Schwarz filed in support of his Motion for Summary Judgment. *His statement that he came to a gradual stop and did not slam on his brakes or make a sudden stop is not true.*
>
> 4. The damages to the front of the Bonnell vehicle and the rear of the Schwarz vehicle indicate that Bonnell squarely hit Schwarz directly from behind. I do not believe it is possible that Schwarz's vehicle would have turned so sharply into the lane of traffic in which my wife and I were traveling unless Schwarz had already turned his front wheels in that direction, either in an attempt to change lanes or as a result of his sudden uncontrolled stop. Schwarz did not merely angle into my wife's lane; rather he left his lane of traffic while facing in the direction of traffic and was perpendicular to the traffic when my wife collided with him in the adjacent lane so quickly that my wife could not avoid colliding with him in a "T-bone" fashion. Eventually he would turn 180 degrees from his original direction of travel. *If Schwarz had not already turned his wheels to the left when Bonnell hit him, he would have traveled straight ahead, and if he had hit anyone else, it would have been the vehicle in front of him.* Yet he did not travel straight ahead nor hit any vehicle in front of him after Bonnell hit him.

*Id.,* p. 1-2 (emphasis added).

Plaintiff Thomas Reynolds further opined in his Declaration that, had Defendant Schwarz maintained his front wheels in a straight ahead direction, he would not have crossed over to the left lane of traffic and collided with Plaintiff Emma Reynolds. *Id.*, p. 2.

On March 4, 2010, Plaintiffs and Defendant Bonnell submitted a proposed "Order of Compromise and Settlement," stating that all claims between Plaintiffs and Defendant Bonnell had been compromised and settled and ordering that those claims be dismissed with prejudice. Docket No. 32. That Order was entered by Judge Nixon on March 9, 2010. Docket No. 33.

In the instant Motion, Plaintiffs essentially seek to amend their Complaint to add

4

additional allegations against Defendant Schwarz, consistent with the Declaration of Plaintiff Thomas Reynolds. Defendants oppose the Motion, arguing that "Plaintiffs are trying to change the theory of their case." Docket No. 24, p. 1. Defendant Schwarz argues that, allowing Plaintiffs to amend the Complaint would be "inappropriate in light of Schwarz's pending Motion for Summary Judgment . . . ." *Id.* Defendant Schwarz further argues, "The amendments sought are not brought in good faith." *Id.*, p. 2. Defendant states:

> To date, there has been no evidence presented that would support these new allegations of negligence. Thomas Reynolds' affidavit [*sic*] is not sufficient for Plaintiffs to rely upon and claim that their actions are in good faith. In fact, Schwarz would submit that Plaintiffs are creating fictional claims of negligence because they know the current claims of negligence against Mr. Schwarz are not supported in the law and are doing anything that they can to keep Mr. Schwarz a party to this lawsuit, even if doing so is improper based upon the facts of the accident in question.

*Id.*, p. 2.

With all due respect Defendant Schwarz is simply incorrect in his argument that "no evidence" has been presented that would support these new allegations of negligence. First, Defendant completely ignores the statement in Mr. Reynolds' Declaration that he observed Mr. Schwarz's vehicle "react in a manner consistent with him slamming on his brakes." Such an allegation, even standing alone, could be sufficient to state a claim for negligence against Defendant Schwarz.

Moreover, Plaintiff Reynolds does not have to be an accident reconstruction expert in order to testify to opinions or inferences which are "rationally based on the perception of the witness . . . ." Fed. R. Evid. 701.

Finally, the Court cannot agree with the argument of Defendant Schwarz that Plaintiffs

5

Case 3:09-cv-00594  Document 36  Filed 04/27/10  Page 5 of 6 PageID #: 164

should not be allowed to amend their Complaint because of the pending Motion for Summary Judgment. As Defendant Schwarz recognizes, the Federal Rules of Civil Procedure provide, "The court should freely give leave [to amend a pleading] when justice so requires." Docket No. 24, p. 1; Fed. R. Civ. P. 15(a)(2). Plaintiff offers no authority whatsoever for the proposition that a plaintiff should not be allowed to amend his Complaint after a Motion for Summary Judgment has been filed. As discussed above, Defendant Schwarz filed his Motion for Summary Judgment even before the Initial Case Management Conference was held in this case. The Initial Case Management Order allowed Plaintiffs to file a Motion to Amend their Complaint on or before October 15, 2009. The instant Motion was filed October 14, 2009. Docket No. 23. Under the circumstances, Defendant cannot sustain his argument that the Court should not allow the amendment because of the pending Motion for Summary Judgment.

For the foregoing reasons, Plaintiffs' "Motion for Leave to Amend Complaint" (Docket No. 23) is GRANTED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge
6