IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EMMA DEE REYNOLDS and ) <br> THOMAS A. REYNOLDS, III, ) <br> ) <br>     *Plaintiffs,* ) <br> ) <br> v. ) <br> ) <br> OTTO J. SCHWARZ, ) <br> ) <br>     *Defendant.* ) | No. 3:09-CV-0594 <br> Judge Nixon <br> Magistrate Judge Knowles |

## ORDER

Pending before the Court is Defendant Otto J. Schwarz's ("Defendant") Motion for Summary Judgment (Doc. No. 9), accompanied by the Affidavit of Otto J. Schwarz (Doc. No. 9-1), a Memorandum in Support of Defendant's Motion (Doc. No. 10), and Defendant's Statement of Material Facts (Doc. No. 11) (collectively, "Defendant's Motion"). Plaintiffs Emma Dee Reynolds and Thomas A. Reynolds, III ("Plaintiffs") have filed a Memorandum in Opposition to Defendant's Motion (Doc. No. 16), a Response to Defendant's Statement of Material Facts (Doc. No. 14), a Statement of Additional Material Facts (Doc. No. 15), a Supplemental Response to Defendant's Motion (Doc. No. 41) and a Second Supplemental Response to Defendant's Motion (Doc. No. 42). Defendant has filed a Response to Plaintiffs' Statement of Additional Material Facts (Doc. No. 18), a Reply to Plaintiffs' Memorandum in Opposition ("Defendant's Reply") (Doc. No. 21), and a Supplemental Reply to Plaintiffs' Supplemental Responses ("Defendant's Supplemental Reply") (Doc. No. 45). For the reasons set forth below, Defendant's Motion for Summary Judgment is **DENIED.**

-1-

## I. BACKGROUND

This case arises from an automobile accident in Davidson County, Tennessee. On June 30, 2008, Plaintiff Emma Dee Reynolds was driving her three-wheeled motorcycle in the far left-hand lane on Interstate 40 eastbound. (Doc. No. 18, at 1.) Defendant was operating his vehicle in the lane directly next to Plaintiff. (Id. at 2.) Defendant either stopped or slowed his vehicle, which was hit from behind by Mitzi Bonnell's vehicle. (Id.) Defendant then entered the far left-hand lane. (Id.) Plaintiffs allege that, prior to being hit by Bonnell's vehicle, Defendant turned the wheels of his vehicle to the left, which caused him to enter the lane in which Plaintiff Emma Reynolds was driving. (Doc. No. 37, at 3.) Defendant disputes this, and alleges that it was solely the force of the impact of being hit from behind that caused him to enter the far left lane of travel. (Doc. No. 18, at 2-3.) Ms. Reynolds hit Defendant's vehicle and was ejected from the motorcycle, and suffered severe injuries as a result.

Plaintiffs brought suit against both Defendant and Mitzi Bonnell for negligence. Bonnell has since settled and has been dismissed with prejudice from the suit. (Doc. No. 33, at 1.) Plaintiffs allege that Defendant was negligent because, despite being aware that he might be hit from behind, he turned the wheels of his vehicle to the left, which caused him to lose control of his vehicle after being hit and to collide with Ms. Reynolds's motorcycle. (See generally, Doc. No. 37.)

## II. LEGAL STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides in part that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The

Advisory Committee for the Federal Rules has noted that "[t]he very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R. Civ. P. 56 advisory committee's note.

Mere allegations of a factual dispute between the parties are not sufficient to defeat a properly supported summary judgment motion; there must be a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 47 U.S. 242, 247-48 (1986). A genuine issue of material fact is one which, if proven at trial, would result in a reasonable jury finding in favor of the non-moving party. Id. The substantive law involved in the case will underscore which facts are material and only disputes over outcome-determinative facts will bar a grant of summary judgment. Id. at 248.

While the moving party bears the initial burden of proof for its motion, the party that opposes the motion has the burden to come forth with sufficient proof to support its claim, particularly when that party has had an opportunity to conduct discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In ruling on a motion for summary judgment, the court must review the facts and reasonable inferences to be drawn from those facts in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Further, the Court will closely scrutinize the movant's papers while indulgently treating those of the opponent. Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir. 1962) (citations omitted).

To determine if a summary judgment motion should be granted, the court should use the standard it would apply to a motion for a directed verdict under Rule 50(a) of the Federal Rules of Civil Procedure. Anderson, 477 U.S. at 250. The court must determine whether a reasonable jury would be able to return a verdict for the non-moving party and if so, the court must deny

-3-

Case 3:09-cv-00594   Document 49   Filed 08/16/10   Page 3 of 8 PageID #: 255

summary judgment.  Id. at 249.  Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989) (citations omitted).

**III.  ANALYSIS**

In support of his Motion for Summary Judgment, Defendant asserts that he did not have a duty to maintain control over his vehicle after it was struck from behind.  (Doc. No. 10, at 6-7.)  Defendant also claims that he did not breach any duty he may have owed to Plaintiff (id. at 6), but gives no argument in support of this assertion.  Additionally, Defendant argues that Plaintiffs cannot prove cause in fact because "[P]laintiffs cannot show that the [collision] would not have occurred but for the conduct of defendant Schwarz," and that, because "cause in fact cannot be established, legal cause, or proximate cause, likewise cannot be established."  (Id.)

In response, Plaintiffs argue that when a vehicle is hit from behind, a driver has a duty to "minimize damages to other persons by maintaining his wheels in a straight-ahead direction while stopped in traffic."  (Doc. No. 16, at 4.)  When Defendant turned the wheels on his vehicle to the left, Plaintiffs argue, he breached that duty.  (Id. at 5.)  Plaintiffs assert that cause in fact can be established because Defendant "would not have collided with Mrs. Reynolds but for his negligent act of having his wheels turned to the left while . . . stopped on an interstate highway during rush hour traffic."  (Id.)  Finally, Plaintiffs respond to Defendant's proximate cause argument by asserting that Defendant's act of turning the wheels on his vehicle to the left immediately before he was struck from behind immediately and directly caused the collision with Plaintiff Emma Reynolds.  (Id. at 6.)

-4-

With respect to a negligence claim, "[s]ummary judgment is appropriate when an essential element of negligence is missing." Kellner v. Budget Car & Truck Rental, Inc., 359 F.3d 399, 406 (6th Cir. 2004) (citing Doe v. Linder Const. Co., Inc., 845 S.W.2d 173, 183 (Tenn. 1992)). In order to establish a negligence claim, Plaintiffs must be able to establish "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal cause." Haynes v. Hamilton County, 883 S.W.2d 606, 611 (Tenn. 1994) (citations omitted). If the evidence shows that no reasonable jury could find for Plaintiffs on any one of these elements, Defendant's motion for summary judgment must be granted. See Kellner, 359 F.3d at 406.

In Tennessee, "[a]ll persons have a duty to use reasonable care to refrain from conduct that will foreseeably cause injury to others." Burroughs v. Magee, 118 S.W.3d 323, 328 (Tenn. 2003) (citations omitted). Whether a duty exists "is entirely a question of law for the court." Bradshaw v. Daniel, 854 S.W.2d 865, 869 (Tenn. 1993). In considering whether a duty should be imposed, the court considers several factors, including:

> the foreseeable probability of the harm or injury occurring; the possible magnitude of the potential harm or injury; the importance or social value of the activity engaged in by defendant; the usefulness of the conduct to defendant; the feasibility of alternative, safer conduct and the relative costs and burdens associated with that conduct; the relative usefulness of the safer conduct; and the relative safety of the alternative conduct.

McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995). A person breaches his duty when he fails to adhere to this standard of care. Haynes, 883 S.W.2d at 611.

To establish causation in fact, Plaintiff must be able to demonstrate that "the circumstances must be such that the injury would not have occurred but for [the defendant's conduct]." Wyatt v. Winnebago Indus., Inc., 566 S.W.2d 276, 280 (Tenn. App. 1977).

-5-

Proximate cause is defined as "that act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another which, if it had not happened, the injury would not have been inflicted." Tenn. Trailways, Inc. v. Ervin, 438 S.W.2d 733, 735 (Tenn. 1969). To establish proximate cause,

> (1) the tortfeasor's conduct must have been a substantial factor in bringing about the harm being complained of; and (2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm; and (3) the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence or prudence."

McClenahan v. Cooley, 806 S.W.2d 767, 775 (Tenn. 1991). "There is no requirement that a cause, to be regarded as the proximate cause of an injury, be the sole cause, the last act, or the nearest to the injury, provided it is a substantial factor in producing the end result." Kellner, 359 F.3d at 407. Ordinarily, proximate cause is to be determined by the jury, "unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome." Id.

The Court finds that there is a genuine dispute of material fact as to whether Defendant was negligent in causing the accident with Plaintiff Emma Reynolds. On the issue of duty, the Court finds that Defendant had "a duty to use reasonable care to refrain from conduct that will foreseeably cause injury to others." Burroughs, 118 S.W.3d at 328. This includes a duty to refrain from conduct while driving that could foreseeably cause injury to other drivers.

Having found that Defendant owed a duty to Plaintiff Emma Reynolds, the Court finds that there is a genuine issue of material fact as to whether this duty was breached. Viewing the facts in the light most favorable to Plaintiff, the Court must conclude that there exists a genuine issue of material fact of whether Defendant turned his wheels to the left shortly before Bonnell

-6-

impacted his vehicle from behind. Whether this action falls below the requisite standard of care that Defendant has a duty to exercise is a matter that must be determined by the jury.

Similarly, the Court finds that there is a genuine dispute of material fact as to the issue of causation. Plaintiffs' accident reconstruction expert opined that "[t]he combination of Ms. Bonnell's Car's impact to the rear of Mr. Schwarz's [vehicle] *and Mr. Schwarz's leftward steer* caused Mr. Schwarz's [vehicle] to spin into Mrs. Reynolds' path." (Doc. No. 27, at 4) (emphasis added). Defendant attempts to argue that this opinion is "not a reliable conclusion in accordance with . . . the Federal Rules of Evidence," (Doc. No. 45, at 10), but fails to recognize that the reliability of a witness is not appropriate grounds for denying summary judgment. See Anderson, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."). Assuming the jury believes the expert, Mr. Schwarz's leftward steer would be the cause in fact of Plaintiff Emma Reynolds's injury because, but for Defendant's conduct of turning to the left immediately before the impact with Ms. Bonnell, the injury to Ms. Reynolds would not have occurred. See Wyatt, 566 S.W.2d at 280.

The Court likewise finds that there is a genuine dispute of material fact as to the issue of proximate causation. Assuming that Defendant turned his wheels to the left prior to being hit from behind by Ms. Bonnell, a reasonable jury could find that this action was the proximate cause of the injury to Plaintiff Emma Reynolds. In order to establish proximate cause, Plaintiffs must be able to establish that Defendant's action was a substantial factor in bringing about the injury complained of, there is no policy that would "relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm," and the harm must be

-7-

Case 3:09-cv-00594 Document 49 Filed 08/16/10 Page 7 of 8 PageID #: 259

reasonably foreseeable from the action. McClenahan, 806 S.W.2d at 775. Relying on the accident expert's report, a jury could reasonably conclude that Defendant's action was a substantial factor in bringing about the harm to Ms. Reynolds. The fact that Ms. Bonnell's action of first colliding with Defendant also played a role in causing the accident is irrelevant. See Kellner, 359 F.3d at 407 ("There is no requirement that a cause, to be regarded as the proximate cause of an injury, be the sole cause . . . ."). The jury could also reasonably conclude that there is no overriding policy that would relieve Defendant from liability, and that it is reasonably foreseeable that turning the wheels to the left could cause one's vehicle to enter the left-hand lane and strike another vehicle. This is especially true give that Defendant admits that he was aware of the fact that Ms. Bonnell was likely going to collide with him. (Doc. No. 9-1, at 1.)

The Court therefore **DENIES** Defendant's Motion for Summary Judgment.

IV. CONCLUSION

Defendants failed to demonstrate the absence of a genuine dispute of material fact regarding Plaintiffs' negligence claim in the instant matter. For the reasons set forth above, the Court hereby **DENIES** Defendant's Motion for Summary Judgment.

It is so ORDERED.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT